IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ELLEN SMOAK,                           §
                                       §
        Plaintiff,                     §
                                       §
v.                                     §       Civil Action No. 3:25-CV-0919-N
                                       §
BIOHEALTH RX, LLC, *et al.*,           §
                                       §
        Defendants.                    §

## ORDER

This Order addresses Defendants BioHealth, Edward Coke Mann III ("Coke Mann"), and Edward Coke Mann IV's ("Bud Mann") motion to dismiss for lack of subject matter jurisdiction [11]. For the reasons set forth below, the Court partially grants and partially denies the motion.

## I. ORIGINS OF THE MOTION

This case arises from an employment dispute. Plaintiff Ellen Smoak brought several claims against Defendants for (1) breach of contract, (2) promissory estoppel, (3) fraudulent inducement, (4) sexual harassment and retaliation, (5) intentional infliction of emotional distress ("IIED"), (6) tortious interference with business relations, (7) trade secret misappropriation, and (8) alter ego liability. Pl.'s Pet. ¶ 33–64. Smoak later abandoned the sexual harassment and retaliation claims as time-barred. Pl.'s Resp. 7 [24]. She alleges that Coke Mann "exploited [her] for his own professional and personal gain,

MEMORANDUM OPINION AND ORDER – PAGE 1

luring her into his business ventures with false promises."[1] *Id.* ¶ 14.  In March 2024, during an in-person meeting in Columbia, South Carolina, Coke Mann promised Smoak a five percent equity stake in Coke Mann's business, BioHealth, and related ventures.  *Id.* ¶ 17. She signed a formal employment agreement with BioHealth in August 2024 after working with Coke Mann and BioHealth between 2020 and 2024.  *Id.* ¶¶ 14, 25.

Coke Mann made inappropriate sexual advances towards Smoak, such as presenting Smoak with an unsolicited sex toy, encouraging her to send him videos of herself, and sending Smoak a photograph depicting himself engaged in sexual activity with his wife. *Id.* ¶¶ 18, 21.  Smoak also alleges that Coke Mann used artificial intelligence to generate and disseminate explicit and sexualized images of Smoak without her consent.  *Id.* ¶ 20. After she rebuffed his advances, he retaliated by reducing her role and excluding her from business communications.  *Id.* ¶¶ 19, 27.  Additionally, Smoak asserts that Coke Mann and his father, Bud Mann, "engaged in efforts to transfer company funds and assets into other entities to evade liability . . . and avoid regulatory freezes."  *Id.* ¶ 29.

BioHealth and the Manns now move to dismiss Smoak's complaint for lack of subject matter jurisdiction because the claims are subject to the arbitration provision of BioHealth's Operating Agreement.[2]

---

[1] For purposes of these motions, the Court assumes the truth of all well-pleaded facts in the complaint.

[2] The Defendants also move to dismiss the claims on other grounds, including lack of personal jurisdiction for Bud Mann.  *See generally*, Defs.' Mot. [11, 14].  However, because the Court determines that the Court lacks subject matter jurisdiction over all but one of the claims, the Court need not reach these arguments.

MEMORANDUM OPINION AND ORDER – PAGE 2

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a district court's subject-matter jurisdiction to adjudicate an action. FED. R. CIV. P. 12(b)(1). Under this rule, the party asserting that jurisdiction exists has the burden of proof. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

### B. Federal Arbitration Act

The Federal Arbitration Act ("FAA") requires courts to compel arbitration if they determine that there is a valid arbitration agreement encompassing the issues in dispute. 9 U.S.C. § 3. Courts in the Fifth Circuit conduct a two-step inquiry when considering a motion to compel arbitration.

First, the court considers "contract formation — whether the parties entered into any arbitration agreement at all." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). Questions of "an arbitration agreement's existence" are "matters for courts, not arbitrators." *Lloyd's Syndicate 457 v. FloaTEC, L.L.C.*, 921 F.3d 508, 515 (5th Cir. 2019) (internal citation omitted). "While the presence of an arbitration clause generally creates a presumption in favor of arbitration, the presumption disappears when the parties dispute the existence of a valid arbitration agreement." *O'Shaughnessy v. Young Living Essential Oils, L.C.*, 810 F. App'x 308, 311–12 (5th Cir. 2020) (unpub.) (citations and internal quotation marks omitted).

Second, the court interprets the arbitration agreement "to determine whether this claim is covered by the arbitration agreement." *Kubala*, 830 F.3d at 201. The second step

MEMORANDUM OPINION AND ORDER – PAGE 3

is a question for the court unless "the arbitration agreement contains a delegation clause giving the arbitrator the primary power to rule on the arbitrability of a specific claim." *Id*. (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)). Then, if "the court finds that the parties agreed to arbitrate" the claim at issue, "the court typically 'must consider whether any federal statute or policy renders the claims nonarbitrable.'" *Polyflow, L.L.C. v. Specialty RTP, L.L.C.*, 993 F.3d 295, 302 (5th Cir. 2021) (quoting *Will-Drill Res. v. Samson Res.*, 352 F.3d 211, 214 (5th Cir. 2003)).

### III.  THE COURT GRANTS THE MOTION

Defendants argue that the Court lacks subject matter jurisdiction over Smoak's claims because they are subject to a binding arbitration provision. Applying, the Fifth Court's two-step inquiry, the Court agrees.

First, Smoak does not dispute that the Operating Agreement is valid and enforceable. Pl.'s Resp. ¶ 9 [23]. Second, the Court finds that the arbitration provision contains a delegation clause giving the primary power to rule on the arbitrability of any specific claim to the arbitrator. *First Options of Chi.,* 514 U.S. at 942. The provision provides:

> Any controversy or claim arising out of or related to this Agreement or the breach thereof, shall be settled, except as may otherwise be provided herein, by binding arbitration . . . and the arbitration award may be entered as a final judgment in any court having jurisdiction thereon. *Any dispute as to whether a controversy or claim is subject to arbitration shall be submitted as part of the arbitration proceeding.* Legal costs, attorneys' fees, and the fees of expert witnesses may be assessed against any person found to have acted in bad faith. All arbitration proceedings shall be conducted by a panel of three (3) arbitrators. The party requesting arbitration shall have the right to select one (1) arbitrator and the person or persons on the other side of the

MEMORANDUM OPINION AND ORDER – PAGE 4

controversy shall select a second arbitrator.  The two (2) arbitrators so chosen shall select the third.

Pl.'s App. 16 (emphasis added).

Once the Court establishes that the parties have a binding arbitration provision, the Court must consider whether any federal statute or policy renders the claims nonarbitrable. *Polyflow, L.L.C.*, 993 F.3d at 302.  Here, the Court finds no such statute or policy makes the arbitration inappropriate for these claims.

Next, the burden shifts to Smoak to prove that the arbitration provision does not apply to her claims.  *Ramming*, 281 F.3d at 161.  Smoak has not met her burden because she does not argue that any statute or policy makes the arbitration provision or its delegation clause unenforceable against her claims.  Rather, she makes conclusory statements that the arbitration provision is too narrow to apply to her claims.  Pl.'s Resp. 5 [23].  Moreover, the delegation clause of the arbitration provision requires that the question of arbitrability is primarily determined by the arbitrator.  Accordingly, the Court concludes that the Court lacks subject matter jurisdiction over Smoak's claims.

### CONCLUSION

The Court concludes that the parties entered a valid agreement containing an arbitration provision with an enforceable delegation clause.  Accordingly, the Court grants the motion to dismiss for lack of subject matter jurisdiction and orders the parties to arbitrate Smoak's claims.  Additionally, the Court dismisses Defendants' alternative motion to dismiss for failure to state a claim [14] as moot.

MEMORANDUM OPINION AND ORDER – PAGE 5

Signed March 23, 2026.

David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 6